NICHOLLS, J.
The relators are J. G. Bouvier and Carl M. Corbin. The former is the father of two, and the latter of one, child, who were attending school at the Jeannerette public school, in Iberia parish. Louis I-I. Gosserand was principal of the said Jeannerette high school, and Louis E. Walet was the superintendent of the public schools in Iberia parish. It is alleged: That at the time of filing the petition the public schools in said parish were open and in full operation and had been since September, 1909, and would continue to be so until the 10th of June, 1910. That on the 9th of May, 1909, the said Gosserand illegally, arbitrarily, and wantonly suspended their children, Florence Bouvier and Carol Corbin, from the public school.
That they had appealed to said superintendent of public schools for relief from said illegal and arbitrary action, who, after conference with said Gosserand, principal of the said school, sustained the said Gosserand in his said illegal, arbitrary, and wanton acts, *377 and denied them any relief in the premises. That under ordinary proceedings they would have no relief or recourse from said arbitrary action, as it was very probable that the term or session of said school would have closed before relief couid be extended to them, and that they were entitled to a writ of mandamus as provided for by law to have said children reinstated and permitted to attend said school.
They prayed, áccordingly, that a writ of mandamus issue directed to Louis E. Walet, parish superintendent, and Louis Gosserand, ordering each of them to repeal and recall the said order of suspension, and to recognize the right of relators to send their children to said school, and to admit them to said school as pupils.
On reading this petition the court ordered the said Gosserand, principal of said school and Louis Walet, parish superintendent of public schools, to show cause, if any they had, why a writ of mandamus should not issue as prayed for, and, after hearing, the said writ be perpetuated.
Defendants answered. They excepted that the district court was without jurisdiction to entertain the action, and that relators had no right nor cause of action. They averred that under the laws of Louisiana, and specially by virtue of Act No. 214 of the Acts of the General Assembly of Louisiana for the year 1902, the principal of the school had the power and authority to suspend- from the school any pupil for good cause, and that such suspension should be reported in writing as soon as practicable to the parish superintendent whose decision should be final, which requirement had been observed in this case. They prayed that their exceptions be sustained, and the alternative writ which had issued be dismissed at relators’ costs.
The rule having gone to trial, the district court overruled the exceptions, and after a hearing of the case upon its merits rendered judgment in favor of the relators, decreeing that the cause for the suspension of the children was not sufficient, and that the principal had no right to make and enforce such a rule. The court made the writ of mandamus peremptory and ordered relators’ children to be reinstated. Respondents applied for and obtained an order for a suspensive appeal, returnable to this court on the 5th of July, 1909. The transcript of appeal was filed in this court on the 2d of July, 1909.
The case being called for hearing appellants neither appeared nor filed a brief in support of their contention that the judgment appealed from was erroneous.
We do not think that we have jurisdiction in this case. The appeal is therefore dismissed.